I concur in the opinion on rehearing. On original deliverance I voted to reverse the Court of Criminal Appeals' affirmance of the conviction. I felt constrained to follow Robbins although I viewed the Robbins holding as directly in conflict with NewYork v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768
(1981). See Justice Stevens's dissent in Robbins. United Statesv. Ross, which overrules Robbins, accords with my initial view of the reasonableness criteria governing the instant Sec. 5 search and seizure issue.
I write separately to express another dimension involved in these cases which state courts all too frequently overlook: The function of the state appellate court to test the constitutional challenge against state constitutional rights and guarantees. Alabama does, indeed, have its own constitution; and while the Supremacy Clause proscribes this Court's interpretation of the United States Constitution as extending rights beyond those given through its interpretation by the United States Supreme Court, there is no prohibition against a state court's interpreting its own state constitution so as to extend to its citizens rights and protections beyond those granted by the United States Constitution.
Stated another way: So long as this Court does not impose greater restrictions upon police activity as a matter offederal constitutional law when the United States Supreme Court specifically refrains from imposing them, the State is free, as a matter of its own law, to so impose such greater restrictions. This is another way of saying that this Court not only may, but indeed has the duty to, when raised, address constitutional challenges under our State Constitution; and while its interpretation must comport with the minimum standards prescribed by the United States Supreme Court's interpretation of the U.S. Constitution, the state courts may interpret their own constitutions as being broader and affording greater protection than such minimum *Page 886 
federal standards. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215,43 L.Ed.2d 570 (1975). Sec. 5 of the Alabama State Constitution proscribes "unreasonable seizure or searches" and mandates that "no warrant shall issue . . . without probable cause" with at least the same degree of force and clarity as the 4th Amendment to the U.S. Constitution. In the instant case I would not hesitate to reach a result contrary to Ross if, in fact, I was of the opinion that these accuseds' rights against unreasonable search and seizure, as guaranteed by the State Constitution, had been violated.
I am not repelled by the notion that strict enforcement of constitutional guarantees renders prosecution and conviction of the criminal accused more difficult. To this popular charge I can only answer: I agree, but the mandate is not mine; it is the constitution's. To relax its protection as to any one of us weakens its capacity to safeguard the freedom of all of us.
I have restudied the facts and circumstances of the instant case as set out in the opinion of the Court of Criminal Appeals. Whether there was probable cause to detain the stopped car and its passengers, and then search the car and its passengers, is a close question. Had all these facts been put before a magistrate, I believe his authority to issue a warrant for the search of the car and seizure of any discovered contraband would be sustainable. Interpreting Sec. 5 of the Alabama Constitution, I find the police activity regarding the search and seizure not to be unreasonable.